OPINION
Defendant-appellant John Fitzgerald appeals from his conviction and sentence, following a no-contest plea, for Driving Under the Influence. Fitzgerald contends that the trial court erred by overruling his motion to suppress, and that his trial counsel was ineffective in not having filed a timely motion to suppress.
We conclude that the trial court did not err in overruling Fitzgerald's motion to suppress, which was filed out of time, without any showing of grounds for its consideration out of time. Although Fitzgerald's trial counsel subsequently sought a hearing to reconsider the motion to suppress, in connection with which he offered grounds for its consideration out of time, this motion had not been ruled upon when the trial court accepted Fitzgerald's no-contest plea. Neither the trial court's failure to have ruled on the subsequent motion, nor the alleged ineffectiveness of Fitzgerald's trial counsel, affected the outcome of the plea hearing, since Fitzgerald's no-contest plea admitted the truth of the facts alleged in the complaint, thereby rendering moot any irregularities or errors in connection with the suppression issue. Accordingly, the judgment of the trial court is Affirmed.
 I
On April 30, 2001, Fitzgerald was arrested and charged for Driving Under Influence, and for Driving at Night without Tail Lights. He retained counsel, who filed a written not guilty plea, together with other motions and requests.
A pretrial conference was held on May 16, 2001. Trial was scheduled for September 13, 2001. Thereafter, Fitzgerald's original trial counsel withdrew, and his substituted counsel entered an appearance. His substituted counsel filed a motion to suppress on August 10, 2001. Traf.R. 11(C) requires all pretrial motions to be filed within thirty-five days after arraignment or seven days before trial, whichever is earlier. The rule further provides that: "The court, in the interest of justice, may extend the time for making pre-plea or pretrial motions."
Fitzgerald's motion to suppress contained no explanation for its untimeliness, and was not accompanied by any argument for extending the time for making pretrial motions "in the interest of justice." On August 14, 2001, four days after the filing of the motion, the trial court, by written notation in the margin of the motion, overruled it. The entire text of the entry denying the motion is as follows:
 "Overruled sua sponte. Defendant is way beyond time to file. [Judge's initials]. Keep jury trial on for 9-13-01. [Judge's initials]."
Three days before the trial date, the State moved for a continuance, which was granted by entry filed the day before the trial date. Thereafter, the parties received notice that a jury trial was scheduled for October 18, 2001. Two days before the new trial date, Fitzgerald filed "for an order setting this matter for Motion to Suppress hearing." In his memorandum, for the first time, Fitzgerald argued that his motion to suppress should be considered despite its untimeliness. On the day of trial, the trial court entered a notation, in the judge's hand, upon Fitzgerald's motion, as follows: "Motion withdrawn in open court." Upon review of the record, however, we conclude that this notation is not entirely accurate.
What did happen in open court is reflected in a transcript of the proceedings on October 18, 2001, as follows:
 "THE COURT: Does your client wish to accept [the plea bargain offered by the State]?
 "MR. MULLIGAN: Yes, and I do that with the understanding that Mr. Haller and I have that my motion of October 16th, of course, was denied. It is my understanding, even though I have not seen the written decision of the Court or the notation the Court made, but that is my understanding, and I also understand that the original motion to suppress, which I did see the entry on, was denied because it was filed by me after 35 days after arraignment. I think I filed mine on August 10th. I was in the case, I think, on August 9th.
"THE COURT: Okay.
"MR. MULLIGAN: That is my understanding.
"THE COURT: All right.
"MR. HALLER: If we can make a record on that.
 "THE COURT: I'd be happy to. Do you want to say something before I make a record?
"MR. HALLER: Yes.
"THE COURT: Okay. Go ahead.
 "MR. HALLER: I think the record indicates that Mr. Fitzgerald was originally represented by Attorney B. Randall Roach, who made an appearance on May the 4th of this year.
"THE COURT: Right.
 "MR. HALLER: We had a pretrial, a conference, on May the 16th of this year, again, with Mr. Roach, and, on August 9th, Mr. Mulligan made his appearance. On August 10th, he filed his motion to suppress. That was the first time a motion to suppress had been filed in this case.
"MR. MULLIGAN: That is a true statement.
 "THE COURT: That is right. Okay. For the record, the Defendant was represented by Counsel early on in this case. This case is from April 30th. That is the alleged date of the offense, April 30, 2001.
 "I can't choose who the Defendant hires. I'm not responsible for the decisions of Counsel. What I'm responsible for is getting cases done in a timely fashion. While the rule says 35 days is the deadline for the filing of these motions, I bent that rule some in favor of the Defendant [sic] for short delays in the filing. However, at the point when this was finally filed, which is not Mr. Mulligan's fault the delay is not because he was not on the case until just before he filed that motion. This case was over three months old, way beyond when that motion could be filed. Approximately three times the length of time permitted by the rule had passed.
 "Mr. Mulligan can only do what he can do. He was not approached to represent this Defendant, apparently, until just before he filed the motion. So Mr. Mulligan's representation was not the reason that this was not granted. He can only do what he can do with the facts and when he's hired, and I am not criticizing the other attorney. Whether or not the motion should have been filed or would have been successful is not my judgment to make today, but the bottom line is this: I don't get to choose whether a Defendant hires an attorney or who they hire, and I'm not going to pay the price for that. And, more importantly, the public is not going to pay the price for that.
 "Both sides are entitled to the Court timely hearing a matter, and a motion filing in this case, by the time we accommodated Counsel's schedule for the hearing and then after that, if a trial was necessary, once again, fit that into the schedule and accommodate both Counsel's schedules, was pushing this case into next year or very late, I will say, into next year by the time we could accomplish all of that, and the case would practically be a year old.
 "That is not just. It does not address any kind of problem that might be bringing the Defendant before the Court, and it's just not right. So the Court did overrule the initial motion to suppress. The only reason the Court has not ruled on the motion that was filed two days ago referred to by Counsel here is that it was filed two days ago and, actually, I heard about it yesterday, the day after it was filed, approximately 24 hours after it was filed, and there was not an opportunity to haul both attorneys in here to hear it, and I did not want to do it without input from both sides. So I thought that this morning, if it were necessary, the sides could argue whether that motion would be heard.
 "If, instead, we are taking a plea, then we are shortcutting that procedure. So, if he wants to enter a no contest plea, then I'm assuming I'm not supposed to decide that second motion.
"Is he entering his no contest plea?
 "MR. MULLIGAN: We are entering a no contest plea, Your Honor, and I think, as the Court is aware, this is a matter that we even discussed off the record previously, and I know the Court has never changed its position originally in turning down the motion to suppress.
 "THE COURT: Right. Well, I can't I don't actually remember a second discussion, although I think one of your associates mentioned something about it yesterday, about it being filed, and, basically, I told him that I needed Mr. Haller to do something in terms of consideration of that motion."
Whereupon, the trial court proceeded to query Fitzgerald, ultimately accepting his no-contest plea.
Pursuant to the terms of the plea bargain, Fitzgerald pled no contest to Driving Under the Influence, and the other charge was dismissed. The trial court found Fitzgerald guilty, and imposed sentence accordingly. From his conviction and sentence, Fitzgerald appeals.
 II
Fitzgerald's First Assignment of Error is as follows:
 "THE COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION TO SUPPRESS SUA SPONTE."
Fitzgerald's original motion to suppress was, as the trial court noted, filed "way beyond time." It was not accompanied by any explanation for its untimeliness, nor was it accompanied by any argument for extending the time for making the motion "in the interest of justice," as provided for in Traf.R. 11(C). Accordingly, we find no error by the trial court in having overruled the motion.
Fitzgerald effectively renewed this motion two months later, in a motion filed three days before trial. In his memorandum in support of that motion, for the first time, Fitzgerald made an argument for consideration of the motion despite its untimeliness. In effect, Fitzgerald renewed his motion to suppress, this time accompanying it with an argument for extending the time in the interest of justice. From our review of the record, it is clear that this later motion was never ruled upon, Fitzgerald having pled no contest.
Fitzgerald's no-contest plea constituted an admission of the truth of the facts alleged in the complaint. Traf.R. 10(B)(2). Normally, then, any error or irregularity in connection with the issue of the suppression of evidence would become harmless upon the acceptance of the no-contest plea, since the State would no longer need the evidence to obtain a conviction. However, Traf.R. 11(G) operates to preserve for appellate review any error "in ruling on a pretrial motion, including a pretrial motion to suppress evidence." As noted, we find no error in the one ruling that the trial court made. The trial court never ruled on Fitzgerald's later motion.
Fitzgerald's First Assignment of Error is overruled.
 III
Fitzgerald's Second Assignment of Error is as follows:
"THE DECISION OF THE TRIAL COURT DENYING THE APPELLANT
 THE OPPORTUNITY TO FILE HIS MOTION TO SUPPRESS MUST BE REVERSED DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL."
In support of this assignment of error, Fitzgerald argues that his original trial counsel was ineffective in having failed to file a timely motion to suppress. His trial counsel's failure to have filed a timely motion to suppress resulted in Fitzgerald's inability to get the evidence suppressed. If there were some reasonable likelihood that a timely motion to suppress would have been granted, then it could be said that his trial counsel's performance fell below an objective standard of reasonable representation.
As the State notes, however, there is a second prong for ineffective assistance of counsel rising to the level of constitutional error, and that is the requirement of prejudice. State v. Bradley (1989),42 Ohio St.3d 136; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. The State did not need any evidence to obtain Fitzgerald's conviction once he pled no contest, since his no-contest plea constituted an admission of the truth of the facts alleged in the complaint. Accordingly, even if his trial counsel's failure to have timely filed a motion to suppress cost him the opportunity to suppress the evidence, this did not prejudice the outcome of the plea proceeding. In general, only ineffective assistance of counsel relating to the plea proceeding, itself, will survive a plea of guilty or no contest.
Fitzgerald cites three cases for the proposition that an untimely filing of a motion to suppress can amount to ineffective assistance of counsel: State v. Corbett (June 15, 2001), Williams App. No. W-M-00-002;State v. Avery (April 14, 1998), Union App. No. 14-97-30; and State v.Heilman (September 21, 1994), Medina App. No. 2312-M. In each of these cases, the defendant's conviction was the result of a jury returning a verdict of guilty. Obviously, the failure to suppress evidence may have a prejudicial impact on a jury verdict based on the jury's consideration of the unsuppressed evidence. It will not have a prejudicial impact on a conviction based upon a no-contest plea, however, because the conviction does not result from the unsuppressed evidence, but from the defendant's admission, by his plea, of the facts alleged in the complaint. Thus, a failure to suppress evidence resulting from a deficiency in trial counsel's legal representation will not satisfy the prejudice prong ofState v. Bradley, supra, and Strickland v. Washington, supra.
In general, any error or irregularity in the proceedings of the trial court, whether in the form of an allegedly erroneous ruling by the trial court, or in the form of allegedly ineffective assistance of counsel, must have a prejudicial impact upon the outcome of the proceedings in order to constitute grounds for reversal on appeal. Traf.R. 11(G) creates an exception to this general rule where a trial court has erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence. It does not create an exception for ineffective assistance of counsel that does not prejudice the outcome of the proceedings.
Fitzgerald's Second Assignment of Error is overruled.
 IV
Both of Fitzgerald's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.